ISABELLE RICCIO, AS GENERAL ADMINISTRATRIX AND ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF DONNA E. RICCIO, AN INFANT, DECEASED, AND ISABELLE RICCIO, INDIVIDUALLY, PLAINTIFF-APPELLANT, v. PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 5, 1984—Decided July 5, 1984.

Before Judges KING, DREIER and BILDER.

*Maurice H. Connelly* argued the cause for appellant (*Guarini & Guarini,* attorneys; *Maurice H. Connelly,* on the brief).

*Francis X. Garrity* argued the cause for respondent (*De Gonge, Garrity & Fitzpatrick,* attorneys; *Francis X. Garrity,* on the brief).

The opinion of the court was delivered by

DREIER, J.A.D.

Plaintiff has appealed from a judgment entered in the Law Division confirming a $4,500 arbitrator's award in favor of plaintiff. Plaintiff contends that this award should have been $15,000. This case requires that we define the extent of the uninsured motorist's liability coverage in a situation where a plaintiff has obtained a settlement from another responsible

party in excess of the amount attributable to such party's conduct.

Plaintiff's decedent died a short time after an auto accident. The car in which he was riding as a passenger crashed after avoiding contact with another vehicle, the identity of which cannot be determined. Plaintiff's claim against the driver of the car in which decedent was riding was settled for $41,500, and the respective responsibilities of the host's and decedent's family's uninsured motorist carriers was submitted to arbitration. The arbitrator determined that the driver of each car was 50% responsible for the accident and that the total damages from the accident were in the amount of $61,000. As to uninsured motorist's coverage, the host's policy was primary and resulted in a payment of $15,000. Decedent's family's carrier had secondary responsibility and tendered $4,500, the amount necessary for plaintiff's total recovery to be the $61,000 found by the arbitrator. Plaintiff claimed, however, that the uninsured motorist was responsible for 50% of $61,000 or $30,500, and therefore the family's policy was responsible for its uninsured motorist's limits of $15,000.

The submission to the arbitrator specifically excluded the right to decide legal issues and, therefore, the issue was properly before Judge Yanoff in the Law Division. Judge Yanoff confirmed the $4,500 award by the arbitrator, finding himself limited by language in *Ciecka v. Transamerican Insurance Group*, 81 *N.J.* 421 (1979), and *Motor Club of America Insurance Co. v. Phillips*, 66 *N.J.* 277 (1974).

 In cases not involving uninsured motorist coverage, a plaintiff's settlement with one of two responsible parties discharges the indebtedness by the percentage attributable to that party's conduct, as determined by the fact finder under *N.J. S.A.* 2A:15–5.1 *et seq. Rogers v. Spady*, 147 *N.J.Super.* 274 (App.Div.1977) established the principle that, under comparative negligence, a favorable settlement with a party, *i.e.*, where the dollar value of the settlement is greater than the settling

defendant's percentage of the total damages, inures to the benefit of the plaintiff and may not be claimed by a defendant for an additional credit. The converse is true if plaintiff makes an unfavorable settlement. He is then deemed to have discharged the judgment for total damages by the percentage attributable to the settling defendant.

> The result of the Comparative Negligence Law is that if plaintiff makes a particularly good bargain in settlement and the ultimate percentage of negligence found attributable to the settling defendant would have resulted in a judgment for less than the amount of settlement, plaintiff will benefit by the excess amount. This necessarily means that if the settling defendant is found 0% negligent (as in the present case), plaintiff will receive the settlement plus the full verdict. Under previous law in New Jersey the *pro tanto* amount paid by a nonnegligent settling defendant was deducted from the verdict as long as the amount deducted did not exceed the possible pro rata share. *Theobald [v. Angelos,* 44 *N.J.* 228] *supra.* Of course, under the Comparative Negligence Law only the percentage amount equal to the percentage of negligence attributable to the settling defendant is deducted, no matter what the size of the settlement. It follows that the potential for enrichment of plaintiff beyond the loss suffered has been increased. However, this is offset by the potential for a greater loss to plaintiff if he makes a low settlement. While ideally a claimant should not receive more than one satisfaction for a wrong, when the situation arises in which additional enrichment must necessarily flow to someone, the more just result is to have the person wronged receive the benefit and not a wrongdoer. *Id.* 44 *N.J.* at 239–241. [147 *N.J.Super.* at 278]

This language was cited with approval by the Supreme Court in *Cartel Capital Corp. v. Fireco of N.J.,* 81 *N.J.* 548, 569 (1980), where the court first discussed the Legislature's redefinition of the contribution scheme between and among joint tortfeasors and then stated:

> Under the joint tortfeasors law we had held that a settlement with a joint tortfeasor, even though for less than a pro rata share of the total claim, reduced the plaintiff's total claim against the nonsettling codefendant or codefendants by the pro rata share 'and thus barred contribution from the settling tortfeasor. *Theobald v. Angelos,* 44 *N.J.* 228 (1965); *Judson v. Peoples Bank & Trust Co.,* 17 *N.J.* 67 (1954), aff'd on reconsid. 25 *N.J.* 17, 34 (1957). Now the effect on the plaintiff of a joint tortfeasor's settlement will depend upon the percentage of fault found against him. When one defendant settles, the remaining codefendant or codefendants are chargeable with the total verdict less that attributable to the settling defendant's percentage share.

Under this description of the proper allocation of responsibility, plaintiff would have been correct in demanding the full

$15,000 from the host's uninsured motorist policy. We note, however, that *Ciecka* and *Cartel Capital Corp.* were decided less than two months apart. We assume that the Supreme Court was aware when it decided *Cartel Capital Corp.* that it had stated in *Ciecka* that the uninsured motorist's coverage of each policy was available to an auto accident victim. The *Ciecka* court quoted from *Motor Club of America Insurance Co. v. Phillips* the proposition "that *N.J.S.A.* 17:28–1.1 'unambiguously grants the victim *prima facie* recourse to any and all policies applicable, subject to the *unquestionably implicit condition that his claims in the aggregate not exceed his damages*'." [81 *N.J.* at 428, quoting from 66 *N.J.* at 292. Emphasis supplied]. We cannot assume that the Supreme Court in *Cartel Capital* intended to overrule this limitation originally stated in 1974 and reiterated less than two months prior to the *Cartel Capital Corp.* opinion.

■■ We appreciate that the application of the rule making a plaintiff's recovery "subject to the unquestionably implicit condition that his claims in the aggregate not exceed his damages" will hamper settlements. A plaintiff who settles for less than the dollar equivalent of the share found by the fact finder will discharge the total damages to that percentage. If, however, the settlement, as in the case before us, is for more than such percentage, a credit will have to be given to the insurer standing in the place of the uninsured motorist. Therefore, the settling party gains nothing from a favorable settlement and is hurt by an unfavorable one, creating a situation inimical to settlements. We realize that the statements in both *Motor Club of America Insurance Co. v. Phillips* and *Ciecka v. Transamerican Insurance Group* were *dicta*, however, they constitute a policy judgment of recent vintage of our Supreme Court. If the court intends to abandon that policy in favor of a broader application of the rule in *Rogers v. Spady* and *Cartel Capital Corp.*, quoted earlier, such a policy change must be directed by the Supreme Court itself.

We therefore find no error in Judge Yanoff's confirming the arbitration award of $4,500 against decedent's family's uninsured motorist coverage.