Martin PECARSKY, Plaintiff,

v.

MARINA ASSOCIATES, t/a Harrah's Marina Hotel & Casino, Defendant.

Civ. A. No. 84–0491.

United States District Court, D. New Jersey.

Aug. 12, 1985.

Thomas J. Mettee, Camden, N.J., for plaintiff.

Horn, Kaplan, Goldberg, Gorny & Daniels, P.C. by A. Michael Barker, Atlantic City, N.J., for defendant.

## OPINION

COHEN, Senior District Judge.

■ This personal injury, diversity action is before the Court on the motion of defendant, Marina Associates, t/a Harrah's Marina Hotel & Casino (Harrah's), for leave to file a third-party complaint. Harrah's motion is unique because it intends to name an unidentified, and apparently unidentifiable, John Doe driver as the third-party defendant for the sole purpose of enabling the jury to assess a percentage of fault against him or her pursuant to New Jersey's Comparative Negligence Law.[1]

The incident giving rise to this action occurred during the evening of November 20, 1982 while plaintiff, Martin Pecarsky, was departing, in his automobile, from the parking garage of Harrah's Casino. In his deposition, Pecarsky maintained that he was confused by the directional signs, or lack thereof, and that while attempting to find his way, he was blinded by the headlights of an oncoming automobile which sideswiped him and forced him to swerve off of the roadway and onto a median island. (Pecarsky affidavit at 14–15). As a result, plaintiff seeks compensation for severe personal injuries and property damage to his automobile. (Pecarsky affidavit at 33–40; 14–15).

Subsequent to the accident, plaintiff recovered a $15,000 settlement from his insurance company under the Uninsured Motorist provisions of his policy. Urging that this amount represents a settlement with a joint tortfeasor which exonerates it from liability for that portion of plaintiff's damages represented by the settling tort-

---

1. N.J.Stat.Ann. 2A:15–5.2 (West Supp.1985). Comparative negligence; findings of fact; damages; percentage of negligence of each party; molded judgment

In all negligence actions in which the question of liability is in dispute, the trier of fact shall make the following as findings of fact:

a. The amount of damages which would be recoverable by the injured party regardless of any consideration of negligence, that is, the full value of the injured party's damages;

b. The extent, in the form of a percentage, of each parties' negligence. The percentage of negligence of each party shall be based on 100% and the total of all percentages of negligence of all the parties to a suit shall be 100%.

c. The judge shall mold the judgment from the finding of fact made by the trier of fact.

feasor's percentage of fault, Harrah's ultimately contends that it should be liable only for that percentage of plaintiff's damages which is attributable to its negligence. *See Cartel Capital Corp. v. Fireco of New Jersey*, 81 N.J. 548, 569, 410 A.2d 674 (1980); *Rogers v. Spady*, 147 N.J.Super. 274, 277, 371 A.2d 285 (App.Div.1977). We agree.

In its affidavit, Harrah's maintains that it has no intention to attempt to effect service of process on third-party defendant or to call the same to testify. (Affidavit of A. Michael Barker, Esquire). Despite the apparent limited use intended for its third-party complaint, Harrah's has been unable to provide us with any authority which would enable us to entertain an action against an unidentified, and apparently unidentifiable, John Doe defendant.

The Federal Rules of Civil Procedure do not explicitly consider John Doe actions. Nevertheless, such actions have been allowed where the plaintiff is able to identify the John Doe defendant sufficiently to enable his or her naming at a later date. *See, e.g., Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). From Harrah's own admission, it has no intention of ever seeking to identify the John Doe defendant. Thus, there would be no future naming of that party by amendment.

New Jersey Court Rule 4:26–4 (West 1985) does provide for the institution of John Doe actions, but is clearly drafted with the intention that the unnamed defendant eventually be identified and the complaint amended to reflect that identity. In fact, the concluding sentence of the rule provides that "[n]o final judgment shall be entered against a person designated by a fictitious name." *Id.* Rule 4:26–4 has been consistently interpreted to be an aid

to plaintiffs who would find their actions time barred due to their inability to identify a defendant before the running of the statute of limitations. *See e.g., Lawrence v. Bauer Publishing & Printing Ltd.*, 78 N.J. 371, 375–76, 396 A.2d 569 (1979) (Pashman, J., concurring) ("purpose of this rule is to suspend the running of the statute of limitations until the actual identity of a defendant is discovered").

Of even more importance to our consideration of this motion is Fed.R.Civ.P. 14(a), which although not cited by either party, indicates when a defendant may bring in a third party.[2] It is, of course, necessary for a federal court to obtain personal jurisdiction over a third-party defendant before it can entertain the third-party complaint. *See* 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1445 n. 8 and cases cited therein (West Supp.1985). By this motion, however, Harrah's is *not* attempting to have this Court assert its jurisdiction over "John Doe." In fact, by allowing the naming of John Doe as a defendant, our decision will have no impact on that unidentified person whatsoever. *Cartel Capital Corp.*, 81 N.J. at 569, 410 A.2d 674. In effect, plaintiff has settled with this driver pursuant to the uninsured motorist provisions of his insurance policy. Thus, contrary to plaintiff's position, there can be no allegation that our decision will violate due process protections.

Plaintiff has argued that New Jersey's Comparative Negligence law is inapplicable where the plaintiff has not been negligent. *Polyard v. Terry*, 148 N.J.Super. 202, 209, 372 A.2d 378 (Law Div.1977) *rev'd on other grounds*, 160 N.J.Super. 497, 390 A.2d 653 (App.Div.1978). Be that as it may, *see Lee's Hawaiian Islanders Inc. v. Safety First Products*, 195 N.J.Super. 493, 505, 480 A.2d 927 (App.Div.1984) (joint tort-

---

**2.** In pertinent part Fed.R.Civ.P. 14(a) provides that:

(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him

for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action....

feasors share liability on a percentage basis regardless of plaintiff's negligence), plaintiff, in his supplemental brief, recognizes that the jury may return a verdict of "no cause" by finding that Pecarsky's injuries were caused by his own negligence. By the same token, the jury may also find him responsible for a certain percentage of his injuries less than 100%. If such is the case, then N.J.Stat.Ann. 2A:15–5.2 should be applied in order to permit the jury to accurately apportion the remainder of the fault between the settling, John Doe defendant and Harrah's.

Plaintiff also maintains that John Doe's negligence is totally attributable to Harrah's failure to adequately mark the roadways outside of its Casino. Plaintiff diminishes the effectiveness of this argument however, when, in his own deposition, he states that the John Doe automobile approached him with its bright lights on, at what may have been a rapid speed, made contact with his car and left the scene. (Pecarsky deposition at 15–17; 23–26). Pecarsky's own statement demonstrates, therefore, that it is reasonable to infer that a jury could find John Doe liable for a percentage of plaintiff's injuries.

Both the Federal Rules of Civil Procedure and the Rules Governing the Courts of the State of New Jersey must be so construed as to provide a just determination of the issues at hand with the elimination of unnecessary expense and delay. Fed.R.Civ.P. 1; R. 1:1–2. In fact, R. 1:1–2 states that "any rule may be relaxed or dispensed with by the court … if adherence to it would result in an injustice." *Id.* Given the flexibility with which these procedural rules should be applied and the unique equities involved in this case, defendant Harrah's shall be allowed to join the unidentified driver, John Doe, as a third-party defendant in order to permit the jury to assess a percentage of damages against him. Any other result, which could burden the named defendant with responsibility for 100% of plaintiff's damages, would be singularly unfair under the facts and circumstances as they appear in this case.

The Court shall enter an appropriate Order.