Luis ESTRELLA, et al., Plaintiffs,

v.

V & G MANAGEMENT CORP., d/b/a Action Park, et al., Defendants.

Luz LUCIANO, et al., Plaintiffs,

v.

COUNTY OF SUSSEX, et al., Defendants.

Maribel GONZALEZ, et al., Plaintiffs,

v.

COUNTY OF SUSSEX, et al., Defendants.

Victor ALCANTARA, et al., Plaintiffs,

v.

SUSSEX COUNTY, et al., Defendants.

Victor ALCANTARA, et al., Plaintiffs,

v.

TRC INTERNATIONAL d/b/a Action Park, et al., Defendants.

Civ. Nos. 94–2103 (AMW), 94–2112 (AMW), 94–2126 (AMW), 94–2129 (AMW) and 94–3427 (AMW).

United States District Court, D. New Jersey.

Oct. 13, 1994.

Wayne David Greenfeder, Kraemer, Burns & Lovell, P.A., Springfield, NJ, for Luis Estrella, Sr., Zahire Estrella.

Steven L. Hess, Jersey City, NJ, for Enrique Luciano, Lillian Luciano, Jose Jimenez, Juan Antonio Bautista, Saturnina Bautista, Eligio Espinal.

Michael John Barrett, Wilentz, Goldman & Spitzer, P.C., Woodbridge, NJ, for Maribel Gonzalez, Luz Marie Gonzalez, Madeline Blassino, Abigail Rivera, Jose Rivera, Ernesto Montanez, Janie A. Montanez, Luz Luciano, Balbina Garcia, Andrea Liranzo, Soterito Gonzalez.

Bruce J. Ressler, Ressler & Ressler, Hackensack, NJ, for Victor Alcantara, Lydia Planten, Luis R. Rodriguez.

Robert T. Morgenstern, Dolan & Dolan, P.A., Newton, NJ, for Sussex County.

John Aleen, Harwood Lloyd, Hackensack, NJ, for Township of Vernon.

Francis P. Crotty, Ribis, Graham & Curtin, Morristown, NJ, for Vernon Valley Recreation Ass'n.

Richard P. Cushing, Gebhardt & Kiefer, Clinton, NJ, for Hardyston Tp.

Lorraine Racciatti, Lee Graham Karosen, Roseland, NJ, for Rick Conklin.

## REPORT AND RECOMMENDATION

PISANO, United States Magistrate Judge:

### INTRODUCTION

These matters come before the Court upon the motion of defendant Sussex County to dismiss plaintiffs' complaints, alternatively, for lack of subject matter jurisdiction; pursuant to the entire controversy doctrine; or pursuant to 28 U.S.C. § 1404. Plaintiffs filed opposition to this motion. Oral argument was heard by the Court on September 12, 1994.

### BACKGROUND

The above captioned cases were consolidated under the Estrella caption, Civil Action Number 94–2103, by the Honorable Alfred M. Wolin on August 24, 1994. These lawsuits are tort actions brought by plaintiffs raising state law claims alleging the negligence of defendants, TRC International d/b/a Action Park, V & G Management Corp., d/b/a Action Park, the Great American Recreation Association Inc. and various public entities.

Plaintiffs' claims against public entities, Sussex County, Vernon Township and Hardyston Township are being prosecuted pursuant to the New Jersey Tort Claims Act, N.J.S.A. § 59:1–1 et seq.

Plaintiffs' claims arise out of a bus accident which occurred on July 26, 1992 on County Route 515 in Vernon Township, Sussex County, New Jersey. The plaintiffs in these actions are all New York residents who were travelling for a day of recreation at the Action Park Water Amusement Park in Vernon, New Jersey. The bus was operated by Robert Campbell ("Campbell") of Brooklyn, New York and registered to the Sensational Golden Sons Bus Service, Inc. ("Sensational") of Brooklyn, New York, a corporation of which Campbell is sole shareholder.

The bus was traveling northbound on Route 515 when its brakes allegedly failed, causing it to collide with a motor vehicle turning onto Breakneck Road from Route 515. The bus struck a second motor vehicle, it overturned and subsequently burst into flames. The incident resulted in six fatalities, all to passengers of the bus, and at least forty-five other individuals were injured.

Plaintiffs have numerous claims filed in state courts in New York and New Jersey that arise out of this tragic occurrence. In the Supreme Court of the State of New York, County of Kings, various plaintiffs filed suits naming Campbell and Sensational as defendants.[1] In the Superior Court of New Jersey, Sussex County, these plaintiffs have filed suits that are identical to the cases sub judice.[2]

---

1. Luis Estrella, et al v. Sensational Golden Sons Bus Service, Inc., et al., Supreme Court of the State of New York, County of Kings, Docket No: 4673–93, February 9, 1993; Luz Luciano, et al v. Sensational Golden Sons Bus Service, Inc., et al., Supreme Court of the State of New York, County of Kings, Docket No: 39546–92, July 27, 1993; Madeline Blassino, et al. v. Robert Campbell, et al., Supreme Court of the State of New York, County of Kings, Docket No: 241440–92, July 29, 1992; Victor Alcantara v. Sensational Golden Sons Bus Service, Inc. et al., Supreme Court of the State of New York, County of Kings, Docket No: 32020–92, December 1, 1992; and Lydia Planten, et al. v. Sensational Golden Sons Bus Service, Inc., et al., Supreme Court of the State of New York, County of Kings, Docket No: 1810–93, January 19, 1993. This list is not exhaustive;

it lists only the cases brought in New York state court by plaintiffs sub judice.

2. Luis Estrella, Sr., et al. v. V & G Management Corp. d/b/a Action Park, et al., Superior Court of New Jersey, Sussex County, Docket No. SSX–L–527–94, July 18, 1994; Luz Luciano, et al. v. County of Sussex and Township of Vernon, Superior Court of New Jersey, Sussex County, Docket No. SSX–L–667–94, September 9, 1994; Gonzalez, et al. v. County of Sussex, et al, Superior Court of New Jersey, Sussex County, Docket No. SSX–L–548–94, July 25, 1994; and Alcantara, et al. v. State of New Jersey, et al., Superior Court of New Jersey, Sussex County, Docket No. SSX–L–544–94, July 25, 1994. This list is not exhaustive; it accounts only for the cases brought in New Jersey state court by plaintiffs sub judice.

Also pending before this Court is an interpleader action brought on December 7, 1993 by Providence Washington Insurance Company and Lincoln National Health & Casualty Company, Civil Action Number 93–5409. The defendants to the interpleader action are the plaintiffs herein. (For purposes of clarity, it is noted that not all of the defendants in the interpleader actions have filed actions in federal court.) Plaintiffs in the interpleader action are the insurers of Sensational and Campbell under a commercial automobile insurance policy. The insurance carriers are seeking judgment by the Court distributing their $5,000,000 of liability coverage amongst all persons injured in the bus accident. The parties to the interpleader action have consented to the jurisdiction of the undersigned for all purposes pursuant to 28 U.S.C. § 636(c). The parties have further submitted to binding arbitration of the claims. I conducted arbitration sessions for each claim against Campbell and Sensational, and will soon enter the order for distribution.

By further consent of the interpleader parties, the order to be entered by this Court upon the interpleader distribution will constitute a settlement of plaintiffs' claims against Campbell and Sensational.

Not named as parties in the interpleader case are Action Park, Sussex County, Hardyston Township and Vernon Township. Thus, the rights and relationships of those defendants will not be addressed in the order for distribution and the cross-claims which have been asserted by defendants against Campbell and Sensational *sub judice* will survive the termination of the interpleader. No release of any defendant's cross-claims is contemplated, as none of the other defendants were even parties to that action.

The cases which are the subject of the motions *sub judice* were brought in March of 1994, approximately three months after the interpleader action was filed.

Meanwhile, because the federal interpleader statute, 28 U.S.C. § 2361, works an automatic stay on related state claims, the parties were restrained from prosecuting any of the underlying cases by an Order entered on April 29, 1994.[3] Upon entering the interpleader order of distribution, the plaintiffs' cases filed in New York will be moot because the only defendants named are Campbell and Sensational. However, a final order in the interpleader action will have the effect of reviving the cases pending in New Jersey state courts because the non-Campbell and Sensational defendants are parties to those actions.

The issues presented herein are the result of plaintiffs' unstated interest in having their cases tried in federal court. They have, by omitting Campbell and Sensational (the only New York defendants) from the named defendants, constructed the appearance of federal jurisdiction based upon diversity of citizenship. However, this court finds the construction of diversity to be improper, and for the reasons stated herein, the plaintiffs are unable to invoke a legitimate basis for subject matter jurisdiction.

## ARGUMENT

■ Federal courts are courts of limited jurisdiction; however, a federal court has an obligation to hear cases that legitimately come before it. This principle stems from the absolute right doctrine established by the dictum of Chief Justice Marshall:

It is most true, that this court will not take jurisdiction if it should not: but it is equally true that it must take jurisdiction, if it should.... We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not

**3.** 28 U.S.C. § 2361 provides that:
In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.
Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

given. The one or the other would be treason to the constitution. *Cohens v. Virginia,* 19 U.S. (6 Wheat.) 264, 404, 5 L.Ed. 257 (1821).

While giving due respect to the absolute right doctrine, this Court finds it appropriate to consider principles of equity and comity in deciding this motion. Deference to the state courts is called for in this case because it is a civil matter being brought entirely under state tort law and the New Jersey Tort Claims Act, an all-encompassing state statutory scheme. This Court is loath to disrupt the proceedings already pending in state court.

### Interpleader

It is well recognized that interpleader actions "cannot be used to solve all the vexing problems of multiparty litigation arising out of a mass tort." *State Farm & Casualty Co. v. Tashire,* 386 U.S. 523, 535, 87 S.Ct. 1199, 1206, 18 L.Ed.2d 270 (1967).

■ Plaintiffs argue that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 because Campbell and Sensational are no longer defendants because the distribution contemplated in the interpleader action will constitute a settlement. This argument is based on their misperception of the effect that the interpleader has on the rest of the mass tort litigation. Originally, plaintiffs did not file any law suits based on negligence in federal court because they had no basis to assert federal jurisdiction since plaintiffs and Campbell and Sensational are not diverse parties. After the interpleader action was commenced, plaintiffs filed suits in federal court believing that they no longer needed to name Campbell and Sensational as defendants since their claims against them would be resolved in the interpleader action.

This Court rejects plaintiffs' argument for the following reasons. First, the interpleader action will not resolve all outstanding issues as to Campbell and Sensational's liability. The allocation of the insurer's fund speaks only to the issue of the insured's continuing liability to the claimants. Defendants *sub judice,* are not claimants in the interpleader action. As a result, the interpleader action will not constitute a release or settlement by defendants against Campbell and Sensational. Furthermore, the insured's degree of liability will not be assessed in the interpleader action. New Jersey law requires such a determination to be made in order to ensure that each tortfeasor is responsible for no more than their percentage of liability. *Cartel Capital Corp. v. Fireco of New Jersey,* 81 N.J. 548, 569, 410 A.2d 674 (1980), *Rogers v. Spady,* 147 N.J.Super. 274, 277, 371 A.2d 285 (1977).

■ Second, no final distribution order had been issued in the interpleader action at the time plaintiffs' suits were commenced in federal court. This fact is significant because for subject matter jurisdiction to be proper pursuant to 28 U.S.C. § 1332, complete diversity of citizenship must exist at the time the action is commenced. *Smith v. Sperling,* 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957). The decisive moment in determining whether subject matter jurisdiction exists occurs at the time the complaint is filed. *Dadzie v. Leslie,* 550 F.Supp. 77, 78 fn. 2 (D.C.Pa.1982). These lawsuits were filed by plaintiffs only three months after the interpleader action was filed. Plaintiffs were not precluded from naming Campbell and Sensational as defendants because at the time the lawsuit was commenced plaintiffs merely anticipated settlement by virtue of a distribution order; however, no such settlement had actually been realized.

### Necessary and Indispensable Parties

Rule 19 of the Federal Rules of Civil Procedure provides in pertinent part:

(a) **Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence compete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring

double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party....

**(b) Determination by Court Whenever Joinder not Feasible.** If a person described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

■ The inquiry required by a Rule 19 motion must be determined in the context of the particular litigation because it is fact specific. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968). A claim should be dismissed only if an unjoined person is both "necessary," under subpart (a) and "indispensable" under subpart (b). *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990). For purposes of the Rule 19(a) analysis, the Third Circuit has stated that to decide that joinder is compulsory if feasible, a court need only find that the party's absence results in any of the problems identified in the Rule. *Janney Montgomer Scott v. Shepard Niles,* 11 F.3d 399, 405 (3d Cir.1993) (citing *Wood & Locker, Inc. v. Doran & Assocs.,* 708 F.Supp. 684, 690 (W.D.Pa.1989)).

■ This court finds that Campbell and Sensational are necessary parties as defined by Rule 19(a)(1) and (a)(2)(ii). Defendant Sussex County alleges that Campbell was the cause in fact of the bus accident, since Campbell is both the owner of Sensational and the

operator of the bus. As the alleged direct tortfeasor, Campbell's absence could result in the named defendants incurring greater liability than they otherwise would, or it could preclude plaintiffs from receiving complete relief. For those reasons, this Court agrees with defendant Sussex County and finds the requirements of Rule 19(a) to be satisfied.

■ Having satisfied Rule 19(a), this Court must determine whether Campbell and Sensational are indispensable according to an analysis of the four factors listed in Rule 19(b).

First, this Court finds that the absence of Campbell and Sensational may be prejudicial to the defendants *sub judice.* The absence of the alleged direct tortfeasor may change the nature of the litigation thereby causing prejudice to named defendants. New Jersey law recognizes this potential prejudice and requires a court to find the percentage of each parties liability and to take settlements by joint tortfeasors into account. *Cartel Capital Corp. v. Fireco of New Jersey,* 81 N.J. 548, 569, 410 A.2d 674 (1980), *Rogers v. Spady,* 147 N.J.Super. 274, 277, 371 A.2d 285 (1977). The percentage of each party's fault (even settling joint tortfeasors) must be assessed pursuant to the Comparative Negligence Act, N.J.S.A. § 2A:15–5.1 *et seq.* The amount attributable to the settling defendant's percentage share is then subtracted from the damage award to be satisfied by the non-settling defendants. Therefore, the court which hears this action must hear from all parties regarding liability so that a fair and accurate assessment of each parties percentage share of liability can be determined, including that of Campbell and Sensational. Such a determination will ensure that the defendants *sub judice* are not required to contribute more than their fair share. Furthermore, plaintiffs reinforce this Court's reasoning by conceding that it is appropriate and necessary for a jury to hear evidence relevant to the alleged liability of Campbell and Sensational in order to correctly apportion liability pursuant to comparative negligence principles.

■ Second, protective provisions cannot adequately lessen or avoid such prejudice.

Plaintiffs suggest that Campbell and Sensational can be impleaded as third party defendants pursuant to Rule 14 of the Federal Rules of Civil Procedure. The implementation of this suggestion would preserve diversity jurisdiction; however, it would result in a misalignment of claimants. The alignment proposed by plaintiffs is not binding on the court. "Courts, not the parties, are responsible for aligning the parties according to their interests in the litigation." *Dolch v. United California Bank,* 702 F.2d 178 (9th Cir.1983), *Indianapolis v. Chase National Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 16, 86 L.Ed. 47 (1941). Generally, the federal courts must realign parties according to their real interests in determining diversity jurisdiction. *Lewis v. Odell,* 503 F.2d 445 (2nd Cir.1974). This Court cannot implement plaintiffs' suggestion because the law requires courts to look beyond the pleadings and realign parties according to their real interests in the dispute. This court finds that plaintiffs have a direct interest in Campbell and Sensational as tortfeasors which impleading them would not reflect.

Third, a judgment rendered in the absence of Campbell and Sensational may not be adequate in light of the fact that Campbell and Sensational are the alleged direct tortfeasors while the named defendants are only alleged indirect tortfeasors. Without Campbell and Sensational's participation, the record will be incomplete as to the direct cause of plaintiff's injuries.

Finally, if this case is dismissed for lack of subject matter jurisdiction due to failure to join a necessary and indispensable party, plaintiffs will have adequate remedies in state court where identical actions are currently pending. Plaintiffs will suffer no prejudice by the dismissal of the federal cases; the state court is well-equipped to see plaintiffs' claims to conclusion.

## CONCLUSION

This Court finds that the cases *sub judice* lack federal subject matter jurisdiction, pursuant to 28 U.S.C. § 1332. Plaintiffs' claims are recommended to be dismissed for failure to join necessary and indispensable parties who if joined would destroy diversity of citizenship.[4] Plaintiffs have identical suits pending in state court where their tort claims can fairly and justly be resolved.

---

4. The Court need not address defendants' arguments for dismissal based on the entire controversy doctrine and forum non conveniens because the requested relief has been granted on the grounds stated above. However, it should be noted that this Court rejects defendant's claim pursuant to 28 U.S.C. § 1404. If subject matter jurisdiction were found, this venue is the only appropriate and available venue for this case.