■ SHOPWELL, INC., Respondent, v HARTZ MOUNTAIN INDUSTRIES, INC., Appellant, and KANE CARPET COMPANY, Respondent. [628 NYS2d 638] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered May 19, 1994, which, upon a jury verdict apportioning liability 60% against defendant-appellant and 40% against defendant Kane Carpet Company, awarded plaintiff $120,000 plus interest against defendant-appellant, unanimously affirmed, without costs.

The jury's apportionment of liability was not against the weight of the evidence (*Cohen v Hallmark Cards*, 45 NY2d 493) and its determination as to damages was supported by the record. Since the parties stipulated that New Jersey law applied to this matter and since the record supports the conclusion that the relationship between the parties was that of bailor and bailee (*see, Upjohn Co. v Timpany*, 168 NJ Super 283, 402 A2d 979), the court properly charged the jury with respect to the presumption of negligence created by plaintiff's proof that it stored its merchandise in defendant Hartz Mountain's warehouse and that it was returned in a damaged condition (NJ Stat Annot § 12A:7-204 [1]).

Defendant-appellant failed to prove its entitlement to indemnification from defendant Kane Carpet, which settled with plaintiff prior to trial, on the basis of either an express oral or written agreement or under the common-law doctrine of implied indemnification. Accordingly, the court also properly denied its request for a charge on active/passive negligence and its request that specific interrogatories be submitted to the jury on this issue (*see, Port Auth. v Honeywell Protective Servs.*, 222 NJ Super 11, 535 A2d 974). Although the pretrial settlement reached by plaintiff with Kane Carpet provided it with a $20,000 windfall after the jury verdict, the court also correctly denied Hartz Mountain's alternative request that the judgment be modified to preclude plaintiff from recovering the additional $20,000 since pursuant to New Jersey Comparative Negligence Law (NJ Stat Annot § 2A:15-5.1), "if plaintiff makes

a particularly good bargain in settlement and the ultimate percentage of negligence found attributable to the settling defendant would have resulted in a judgment for less than the amount of the settlement, plaintiff will benefit by the excess amount" *(Rogers v Spady,* 147 NJ Super 274, 278, 371 A2d 285, 287-288).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Mazzarelli, JJ.