## McTighe and Wadleigh *vs.* Dean.

Money, will not be ordered to be paid into court, which is not ascertained to be due by an account or decree in the cause, or admitted to be due by the answer or other proceedings in the cause. A parol admission proved by affidavit is not sufficient.

------

On motion for order that defendant pay moneys into court.

*Mr. Cloke,* in support of the motion.

*Mr. Douglass,* contra.

The Chancellor.

The complainants filed their bill to compel the defendant, as their agent, to account for and pay over certain moneys received by him for them. The moneys were collected from three insurance companies, due from them for losses by fire

of premises for which they had issued policies to the complainants. The only agency of the defendant was to collect and pay over these moneys. There is no answer, and no proceedings in the cause beyond filing the bill.

Assuming that a suit in equity may be maintained for an account against an agent, whose only agency was to collect money and pay it over, where no discovery is needed, the question to be decided is, whether money will be ordered to be paid into court, which is not ascertained to be due by any account or decree in the cause, and which is not admitted to be due by the answer or other proceedings in the cause.

Courts of equity will order a trustee or an agent who holds money collected for his principal, to pay that money into court; but it is only in cases where the money is admitted by the defendant to be in his hands, and to belong to the complainant. This is admitted by the counsel for the complainants, but it is claimed that the order may be made upon admissions by parol, proved by affidavits, and is not confined to admissions in the answer or made in the cause. In this case it is shown by depositions in support of the motion, that the defendant has admitted that he had received the moneys from the insurance companies, and defiantly told the complainants that they might get it as they could. But such admission is not made in any proceeding in the cause. His deposition, read on this motion, states that he is ready to settle with the complainants whenever they will meet him and allow him his expenses and compensation for his services as promised, but does not admit directly that he has received any money; and if an admission that he has received some may be implied, nothing is stated from which any amount can be held as admitted. And on the other hand, this deposition claims that the balance due is yet unsettled.

I know of no precedent for an order to pay money into court on proof by depositions, that the defendant has admitted that he has received, or that he has it. Daniell states the rule to be that to support an order to pay money into court, it is necessary that there should be a clear admission.

by the answer, of the plaintiff's title; and that as, by the changed practice in the Court of Chancery, an answer is not now, in every suit, required as a matter of course, yet now money would not be ordered to be paid in, except upon a clear admission on part of the defendant, though not necessarily contained in the answer. 3 *Daniell's Ch. Pr.* 1829. These admissions must be held to be admissions in the suit.

Lord Cottenham, in the case of *Richardson* v. *The Bank of England*, 4 *M. & Cr.* 175, in which he states the grounds on which the court acts in ordering moneys to be paid into court, says that "the facts to give authority for such an order must be found admitted in the answer." The ruling in *Dubless* v. *Flint*, 4 *M. & Cr.* 502, and in *Furman* v. *Fairlie*, 3 *Mer.* 29, proceed on this ground. Vice-Chancellor Wigram, in *Green* v. *Pledger*, 3 *Hare* 165, recognizes these principles and acts upon them, but distinguishes that case on the ground that Pledger, who was ordered to pay the money into court, admitted his liability to Angle, a co-defendant, who refused to answer or appear to contest the motion, and as against whom the right of the complainant was shown by affidavits. I am unwilling to extend the rule farther, and to grant such order upon affidavits of the parol admissions of the defendant outside of the suit. It would introduce a precedent fraught with danger.

The motion must be denied.