This is a suit brought in the court of chancery to foreclose a mortgage held by complainant on several properties. The property described in the third and fourth tracts in the mortgage eventually became the property of a corporation known as Ten Essex Street, Incorporated, which corporation was declared insolvent by the court of chancery of New Jersey, and Edward R. McGlynn, appellee, was appointed receiver.
This real estate was the only asset of the corporation. A number of claims were filed with the receiver for materials and labor furnished in connection with the alterations to the buildings.
The property in question was encumbered by two mortgages prior to that of complainant's in the within suit.
Complainant's mortgage contained a clause reading as follows:
"That the holder of this mortgage and accompanying bond will release from the lien of this mortgage the third and fourth tracts therein described, upon the payment of $2,500 * * *."
The receiver, acting for the corporation, filed an answer and counter-claim in the foreclosure suit, the answer asserting that the foreclosure suit was barred by the release clause contained in complainant's mortgage; that a tender of the $2,500 provided therein had been made to complainant after the institution of the said foreclosure suit; that the complainant had refused to accept it, and that then under authority of the court of chancery, said receiver had paid the $2,500 with interest and costs of the foreclosure suit into court, and said receiver prayed that said court of chancery make an order directing complainant to specifically perform the agreement contained in its said mortgage to release said third and fourth tracts from the lien of said mortgage for the $2,500 and interest and costs paid into court.
Subsequently an order was made in the insolvency proceedings by the court of chancery on the application of said receiver directing the receiver to sell the mortgaged premises *Page 475 
free and clear of all liens except a first mortgage thereon, held by the United Building and Loan Association of Newark, and subject to all taxes and assessments due the city of Newark, said order providing that the proceeds arising from the sale of said property by the receiver be held by him, subject to the same liens and equities, if any, of all parties in interest, as was the property before said sale, to be disposed of as the court of chancery should thereafter direct.
The receiver offered the property for sale and received a bid of $30,000. The purchaser, however, defaulted, and the receiver being unable to continue the payments required under the first mortgage held by the Building and Loan Association, that corporation instituted foreclosure proceedings on its first mortgage and the property was sold by the sheriff thereunder, for a sum sufficient only to pay the first mortgage claim.
The receiver utilized this sale also as a resale of the property, with the result that nothing was realized for the receiver.
The receiver thereupon applied to the court of chancery for an order permitting him to withdraw the offer and tender made in the foreclosure proceedings and for an order directing the clerk of the court to return him the sum of $2,500 with interest, deposited by him with said clerk, in accordance with the terms of said tender.
This application was granted, and from the order of the court of chancery, directing the return of said deposit, this appeal is taken.
The principal contention of the complainant, who is the appellant, is that this order was erroneously made, for the reason that when the moneys were deposited in the court, they were entirely out of the control of the receiver; that a party pays money into court on tender at his peril, for the money paid in belongs absolutely to the party for whose account it is paid and remains subject to his order and the tenderer cannot withdraw it.
It seems to us that this principle of law is not applicable to the case sub judice.
The tender was made and the money deposited with the court for a specific purpose, namely to procure a release from *Page 476 
the lien of the complainant's mortgage, in accordance with the terms thereof.
Before the deposit was made, the complainant refused to deliver to the receiver-appellee a release of his mortgage from the property in question, although the $2,500 was then tendered him and the release asked for.
From the very beginning of his negotiations with the appellee-receiver, the complainant maintained the position that he was under no obligation to comply with the clause in the mortgage pertaining to this release.
In his bill to foreclose, complainant makes no mention of the right of defendant receiver to a release of complainant's mortgage against the receiver's property upon the payment of $2,500, and makes no offer to give such release upon receiving said $2,500 — but asks for the sale of the mortgaged premises with all the proceeds derived therefrom to be applied to the mortgage debt.
To the receiver's answer and counter-claim setting up his right to a release of complainant's mortgage upon paying the $2,500, which he tendered, complainant filed a denial and joined issue.
During all the period of time when complainant had a lien on the premises in question, the release from which might have been worth much to defendant — and would have justified him in borrowing (as he was required to do) the $2,500 to pay for the release, the complainant persistently refused to accept the $2,500 tendered and to give the release called for by the terms of his mortgage.
The effect of the sheriff's sale under the foreclosure of the first mortgage was to completely wipe out of existence the complainant's lien upon the mortgaged premises.
The receiver then made his application to the court of chancery for the withdrawal of the money deposited as a tender for the release and thereupon the complainant, who no longer had any lien to release, becomes willing to accept the $2,500 deposited in court and give in exchange the release in question, which, of course, is now a mere scrap of paper. *Page 477 
If complainant had at any time during the continuance of its lien offered to recede from his position and accepted the $2,500 and interest tendered and had offered to execute a release, the receiver would have been compelled to accede to this proposition, but as the appellant did not see fit to do this and allowed his lien to be wiped out so that he had nothing whatever to release, he was not entitled to be paid a consideration for executing a release of a lien, which no longer existed.
It is argued that the vice-chancellor was in error in saying that the payment of the money into court was a conditional tender only and that it was now impossible for the complainant to perform this condition precedent to his right to receive the funds.
We think the tender was conditional just in so far as any tender is conditional which is accompanied by a demand that for the money tendered the other party execute and deliver a paper having a stipulated efficacy.
We conclude, therefore, that neither at law nor in equity should a party be compelled, under a payment of money into court, to pay for something which he does not and cannot get, and that the vice-chancellor was quite right in advising the order permitting the withdrawal of the money deposited under such conditions.
The complainant falls back on the proposition that at least he should have the costs that were deposited with the tender. That, it seems to us, was a matter within the discretion of the court of chancery. We do not find that such discretion was abused.
We conclude that the decree of the court of chancery should be affirmed in all respects.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.
For reversal — None. *Page 478