UNITED STATES of America, Plaintiff,

v.

BALFOUR, GUTHRIE & CO., Ltd., The First National City Bank of New York, Defendants.

BALFOUR, GUTHRIE & CO., Ltd., Third-Party Plaintiff,

v.

ALLIED CRUDE VEGETABLE OIL RE-FINING CORP.; Isbrandtsen Company, Inc.; American Union Transport, Inc., Third-Party Defendants.

FIRST NATIONAL CITY BANK OF NEW YORK, Cross-Claimant,

v.

BALFOUR, GUTHRIE & CO., Ltd., Cross-Defendant.

ISBRANDTSEN COMPANY, Inc., Cross-Claimant,

v.

ALLIED CRUDE VEGETABLE OIL RE-FINING CORP.; American Union Transport, Inc.; Balfour, Guthrie & Co., Ltd., Cross-Defendants.

ALLIED CRUDE VEGETABLE OIL RE-FINING CORP., Cross-Claimant,

v.

UNITED STATES of America; Balfour, Guthrie & Co., Ltd.; Isbrandtsen Company, Inc., Cross-Defendants.

AMERICAN UNION TRANSPORT, INC., Cross-Claimant,

v.

ALLIED CRUDE VEGETABLE OIL RE-FINING CORP., Isbrandtsen Company, Inc., Cross-Defendants.

UNITED STATES of America, Third-Party Plaintiff and Cross-Claimant,

v.

ALLIED CRUDE VEGETABLE OIL RE-FINING CORP., Isbrandtsen Company, Inc., Cross-Defendants.

United States District Court S. D. New York.

March 20, 1961.

Morton S. Robson, U. S. Atty., for Southern Dist. of New York, New York City, for plaintiff Myron J. Wiess, Asst. U. S. Atty., New York City, of counsel.

Frederick P. Glick, New York City, for Allied Crude Vegetable Oil Refining Corp.

Shearman & Sterling & Wright, New York City, for The First Nat. City Bank of New York, Herman E. Compter, New York City, of counsel.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for Balfour, Guthrie & Co., Ltd., Vincent J. Ryan, New York City, of counsel.

Gallop, Climenko & Gould, New York City, for American Union Transport, Inc., Milton S. Gould, New York City, of counsel.

SUGARMAN, District Judge.

The United States of America, plaintiff, moves "for an order pursuant to Rule 67 of the Federal Rules of Civil Procedure, granting leave to deposit with this Court a check drawn upon the United States Treasury in the certain sum of $1,020,429.34" and for incidental relief.

The action was brought by the plaintiff against Balfour, Guthrie & Co., Ltd. and The First National City Bank of New York, for recovery of moneys paid under mistake of fact in the sum of $1,186,641.54. The money was paid by the Commodity Credit Corporation against commercial documents covering a shipment of about 3,500 tons of soybean oil to Spain.

Balfour, Guthrie & Co., Ltd. impleaded (a) Allied Crude Vegetable Oil Refining Corp., which had supplied the oil to it, (b) Isbrandtsen Company, Inc., the ocean carrier of the oil and (c) American Union Transport, Inc., the freight forwarder. Cross-complaints were filed by the impleaded defendants against each other and against the third-party plaintiff. Allied Crude Vegetable Oil Refining Corp. also cross-claimed against the plaintiff, United States of America, for about $455,000.

When it appeared that the oil might deteriorate if left in storage in Spain, the parties agreed that it be sold. The moneys plaintiff seeks to deposit are the net proceeds of the sale.

The movant does not state what impact, if any, the deposit would have on the rights of the parties. No reason is advanced for the requested deposit. No authority therefor is shown other than the reference to F.R.Civ.P. 67, 28 U.S.C.

The instant case is not one in which a deposit into court should be allowed.

"Rule 67 is designed to continue in effect various scattered statutory provisions for deposit in court of monies in certain cases and to make the rule of general application. There are apparently, so far as I know, not very many occasions for the application of this rule. There was one case in the Supreme Court, referred to in the notes, Howard v. United States, 184 U.S. 676, 22 Sup. Ct. 543, 46 L.Ed. 754 (1902), where a county, I believe, deposited in court certain funds, and questions arose with regard to the deposit. This rule is designed to operate generally and to continue in effect similar special statutory provisions such as those permitting the plaintiff in an interpleader case to get rid of money and put it in safekeeping somewhere. The rule covers cases of any character where a party desires to relieve himself of responsibility for a fund in dispute by paying it into court."[1]

It is to be noted that the purpose of the deposit is to relieve the depositor of responsibility for a fund in dispute.

Thus, 28 U.S.C. § 41(26) (1940) *—cited by the Advisory Committee on Rules—dealt with the proceeds of insurance

"that two or more adverse claimants * * * are claiming to be entitled to such insurance"

and U.S.Sup.Ct. Adm.Rule 37 (1920)—254 U.S. 695—28 U.S.C. also cited by the Committee referred to

"cases of mariners' wages, or bottomry, or salvage, or other proceeding *in rem*, where freight or other proceeds are attached to or are bound by the suit, * * * * "

---

1. Proceedings of the Institute on Federal Rules, Cleveland, Ohio, p. 337.

* Now 28 U.S.C.A. § 1335.

All parties seem to agree that no one disputes the plaintiff's right to the $1,020,429.34 here sought to be deposited.

The motion is denied. It is so ordered.