**Philip M. DINKINS, Plaintiff,**

v.

**GENERAL ANILINE & FILM CORPORATION, Defendant.**

United States District Court
S. D. New York.

Jan. 10, 1963.

See also 214 F.Supp. 276.

282

Barandes, Barandes, Moss & Emmett, New York City, Charles T. Emmett, Jr., New York City, of counsel, for plaintiff.

Manes, Sturim & Laufer, New York City, Arthur M. Laufer, New York City, of counsel, for defendant.

McLEAN, District Judge.

This is a motion by defendant for leave to deposit the sum of $31,004 in court. The motion is made pursuant to Rule 67 which provides that "in an action in which any part of the relief sought is a judgment for a sum of money * * * a party * * * by leave of court, may deposit with the court all or any part of such sum * * *." The question is whether a deposit is permissible in the situation disclosed by the pleadings in this action.

The complaint alleges that plaintiff, a former president of defendant, compromised certain claims against defendant by entering into an agreement with defendant dated November 29, 1961. That agreement provided, among other things, that defendant would pay to plaintiff on January 2, 1962, and January 2 of each of the next four years, the sum of $31,004. It further provided that during the period from January 1, 1962 through December 31, 1966, plaintiff, at the defendant's option, would serve defendant as a consultant for an appropriate *per diem* compensation for a maximum of sixty days in each year. The complaint alleges further that on March 9, 1962 plaintiff entered into an agreement with Geigy Chemical Corporation ("Geigy"), to serve as a consultant for that company, that thereafter defendant took the position that plaintiff could not act as a consultant for Geigy without violating his agreement with defendant, and that because of defendant's objections, Geigy terminated plaintiff's consulting agreement. The relief asked is (1) an injunction restraining defendant from interfering with plaintiff's "right to employment" with Geigy or any other corporation that may desire to employ him, (2) a declaratory judgment "as to the plaintiff's rights under" the contract of November 29, 1961, and (3) damages in the sum of $150,000 allegedly sustained by plaintiff because of defendant's interference with his contract of employment with Geigy.

The answer admits that defendant informed plaintiff that his agreement with Geigy was a violation of his contract with defendant. By way of counterclaim, defendant alleges that plaintiff's contract with Geigy was inconsistent with and in violation of his contract with defendant. The counterclaim asks for a judgment "declaring the execution of the agreement of March 1, 1962 between plaintiff and Geigy Chemical Corporation a violation of the agreement of November 29, 1961 between plaintiff and defendant."

The sum of $31,004 which defendant seeks to deposit in court is the sum which under the contract between plaintiff and defendant is payable to plaintiff on January 2, 1963.

Cases construing Rule 67 are not numerous. The rule was construed, however, in United States v. Balfour, Guthrie & Co., 192 F.Supp. 60 (S.D.N.Y.1961), in which the court denied the motion for reasons not material here. The court quoted at length from the proceedings of the Institute on Federal Rules held at Cleveland, which stated:

"This rule is designed to operate generally and to continue in effect

similar special statutory provisions such as those permitting the plaintiff in an interpleader case to get rid of money and put it in safekeeping somewhere. The rule covers cases of any character where a party desires to relieve himself of responsibility for a fund in dispute by paying it into court." (192 F.Supp. 60 at 61).

In addition to its use in cases of interpleader, one case has been found in which a deposit by the defendant was permitted where the defendant did not dispute the plaintiff's right to the sum and had tendered it to the plaintiff, who had refused to accept it. Brause v. Travelers Fire Insurance Company, 19 F.R.D. 231 (S.D.N.Y.1956).

The present case is neither one of interpleader nor of tender of an undisputed sum. Rule 67 literally does not fit this case, for defendant is not seeking leave to deposit "all or any part of" a sum of money for which "judgment is sought." Plaintiff is not seeking judgment for any sum due him under his contract with defendant. The $150,000 demanded in the complaint is damages for defendant's alleged tort, apart from the contract. As far as the contract is concerned, we do not have here an action for a sum of money, but rather an action and a counterclaim for a declaration of the parties' rights under the contract.

Defendant is not seeking to rid itself of responsibility for a sum of money which it concededly owes to someone. Defendant's difficulty stems from its reluctance to commit itself as to whether it owes the money at all. By its counterclaim, defendant has asked this court to hold that plaintiff broke his contract. If defendant succeeds in obtaining such a declaration, it would follow that defendant would not be obligated to pay to plaintiff the money otherwise due him under the contract. The defendant apparently hesitates to take a step which logically would be consistent with the position it has taken in its answer. It wishes to defer decision, and by depositing the money in court, to preserve all its rights under the contract and to avoid the risk of a breach of contract on its part if its position should turn out to be wrong. The result, of course, would be to deprive plaintiff of the use of the money pending the final determination of this action, even though the final determination may be that plaintiff did not break the contract and hence was entitled to the money all along. There is nothing in the history of Rule 67 or in the decisions construing it which suggests that it was designed to afford to a defendant an opportunity to deprive a plaintiff both of the benefits of his contract and of a right of action for its breach. Motion denied. So ordered.