176 N.J. Super. 339 (1980)
423 A.2d 321
AC-BERWICK TRANSPORTERS, INC., D-J TANK CARRIERS, INC. AND HOLMDELL, INC., CORPORATIONS OF THE STATE OF NEW JERSEY, PLAINTIFFS,
v.
RICHARD L. SENDELL AND R.L.S. TRUCKING CORP., DEFENDANTS.
Superior Court of New Jersey, Chancery Division Union County.
Decided November 7, 1980.
*340 Sanford Halberstadter, for plaintiffs.
John N. Post, for defendants (Irwin & Post, attorneys).
KENTZ, J.S.C.
The following two issues are now before the court for determination: (1) Whether plaintiffs should be permitted to deposit into court quarterly installment payments now or hereafter due defendant Richard L. Sendell under a stock sale contract dated July 1, 1978; (2) Whether such deposits would constitute a default which would permit defendant to invoke the acceleration clause in the contract.
There are two agreements that form the basis of this action. The first agreement was made between plaintiffs and Sendell on April 22, 1975 in settlement of litigation then pending, and it contained a reciprocal covenant not to compete. The consideration for this agreement was its binding effect on all parties. The second agreement was made on July 1, 1978 between Sendell and AC-Berwick Transporters, D-J Truck Carriers, Inc. and Holmdell, Inc. In the latter agreement plaintiffs bought Sendell's ten shares of outstanding common stock in plaintiff corporations for $250,000, of which a substantial amount was payable in 16 quarterly installments of $14,927.03 each.
Plaintiffs now seek to deposit these installment payments into court as they become due because of the alleged breach of the stock purchase agreement by defendants and because plaintiffs desire to make certain that there will be sufficient assets to satisfy any judgment that may be ultimately recovered in this action.
*341 R. 4:57-1 is intended to allow a party who disclaims any interest in a sum of money to deposit that sum into court. Kotzian v. Barr, 81 N.J. 360, 367 (1979). The practice of the New Jersey Chancery Court prior to the enactment of R. 4:57-1 does not support plaintiffs' request. "To support an order to pay money into court, it is necessary that there should be a clear admission by the answer, of the plaintiff's title." McTighe & Wadleigh v. Dean, 22 N.J. Eq. 81, 82 (Ch. 1871). In this action plaintiffs are disclaiming any obligation to pay Sendell. Since they are not stakeholders but interested parties, plaintiffs would be benefited by the deposit while defendants would be prejudiced. Furthermore, plaintiffs' title to the sums to be deposited is certainly not clear.
While I find no New Jersey case construing R. 4:57-1 under similar facts, federal cases dealing with Fed.R.Civ.P. 67, whose language is almost identical to R. 4:57-1, are relevant to this action. These cases make it clear that the rule is not intended to allow a party to deposit monies into court to avoid a breach of contract or create a fund to secure the satisfaction of a prospective judgment. Dinkins v. General Aniline & Film Corp., 214 F. Supp. 281, 283 (S.D.N.Y. 1963); 6 Moore's Federal Practice, § 67.02 at 67-3 to 67-5. In Dinkins defendant requested relief similar to that sought by plaintiffs in this action. The court denied the request and stated that the rule was not designed to allow one party to deprive the other of "both the benefits of his contract and a right of action for its breach." 214 F. Supp. at 283.
The deposit of a sum of money into court is not to be used to circumvent the stringent prerequisites for seizure or attachment of a defendant's assets. Baxter v. United Forest Products Co., Inc., 406 F.2d 1120, 1127 (8 Cir.1969), cert. den. 394 U.S. 1018, 89 S.Ct. 1635, 23 L.Ed.2d 42 (1969). If the court permitted this deposit it would be prejudging the merits of this controversy. For this and for the foregoing reasons, I will not permit plaintiffs to deposit these installment payments into court. This *342 determination makes resolution of the acceleration issue unnecessary.
Please submit an appropriate order.