CAROL KOSTICK, PLAINTIFF, v. WESLEY K. JANKE, JR.,
JOHN P. KOSTICK AND J.C. &
ASSOCIATES, DEFENDANTS.

Superior Court of New Jersey
Law Division Bergen County

Decided August 11, 1987.

*Bennett J. Wasserman* for plaintiff.

*James M. Burns* for Lewis R. Crist, Receiver of Transit Casualty Insurance Company (*DeMaria, Ellis & Hunt,* attorneys).

*Deborah J. Gannett* for New Jersey Property–Liability Insurance Guaranty Association (*Stryker, Tams & Dill,* attorneys).

*William C. Bochet* for defendants John P. Kostick and J.C. & Associates (*Muscarella, Hirschklau, Bochet, Feitlin, Trawinski & Edwards,* attorneys).

*Brian T. Higgins* for defendant Wesley K. Janke, Jr. (*Breslin Herten,* attorneys).

CIOLINO, A.J.S.C.

Plaintiff, Carol Kostick, commenced this action on September 10, 1982, seeking to recover damages for personal injuries suffered as the result of an auto accident which occurred on December 15, 1981. She was a passenger in a car driven by her husband which was struck by a vehicle driven by defendant Wesley K. Janke, Jr. Plaintiff commenced this action against her husband, John P. Kostick, his employer, J.C. & Associates, and Janke.

By order dated October 27, 1983, Selected Risks Insurance Company deposited $15,000, the full policy limits, into court on behalf of defendant Janke. Transit Casualty Insurance Company (Transit) by order dated September 7, 1984, deposited its full policy limits of $100,000 into court on behalf of defendants Kostick and J.C. & Associates.

On September 17, 1984, defendant John Kostick commenced an action for declaratory judgment against his excess insurance carriers, State Farm Mutual Automobile Insurance Company and Allstate Insurance Company, seeking to enforce excess liability coverage. The Law Division granted summary judgment to the excess carriers denying coverage on August 1, 1986. The Appellate Division unanimously affirmed the trial court on March 17, 1987. On March 30, 1987, plaintiff executed a general release which was forwarded together with a stipulation of dismissal to defendants Kostick, Janke and J.C. & Associates.

Transit is a Missouri based multi-state insurance carrier. On December 3, 1985, subsequent to the deposit of the insurance proceeds with the court and the final determination by the Appellate Division, an amended order of liquidation and the appointment of a receiver was entered by the Circuit Court of Cole County, State of Missouri, declaring Transit insolvent and appointing Lewis R. Crist as receiver.

Plaintiff has filed a motion to withdraw all funds on deposit with the court and the receiver has filed a motion and cross-motion to intervene and to withdraw the funds on behalf of the insolvent estate. The New Jersey Property–Liability Insurance Guaranty Association has filed a motion to intervene and in support of plaintiff's motion for withdrawal of the funds. Both motions for intervention are granted. The withdrawal of the $15,000 on deposit is not contested, therefore, the only issue remaining is whether plaintiff should be permitted to withdraw the $100,000 previously deposited into court by Transit, which funds were deposited some 15 months prior to Transit's being declared insolvent. The threshold question is whether funds, once deposited into court pursuant to *R.* 4:57–1, remain an asset of the insolvent estate.

Transit is a Missouri based multi-state insurance company and as such its liquidation proceeding is governed by the Uniform Insurance Liquidation Act (the act). New Jersey

adopted the act in 1975, *N.J.S.A.* 17:30C–1 *et seq.* and Missouri did so in 1976, *Mo.Ann.Stat.* § 375.950 *et seq.* (Vernon 1976). New Jersey and Missouri therefore are "reciprocal states." *See N.J.S.A.* 17:30C–1(f). The act provides that the domiciliary receiver for the purposes of liquidating an insurer domiciled in a reciprocal state shall be vested by operation of law with title to all of the property, contracts and rights of action and all of the books and records of the insurer located in this State. *See N.J.S.A.* 17:30C–16.

In accordance with the aforementioned act, Lewis R. Crist meets the requirements of a "domiciliary receiver." He argues that the property rights to estate assets cannot be adjudicated or otherwise affected in proceedings outside of the receivership process set forth in the act. Accordingly, he states that this court may not order the withdrawal of the funds deposited by Transit as the receiver is endowed with the exclusive authority to marshal the estate. The linchpin of the receiver's argument is that the $100,000 deposited into court by Transit is an asset of the estate of the insolvent. I disagree.

Transit deposited its full policy limit into court pursuant to *R.* 4:57–1 which provides:

> In an action in which any part of the relief sought is a judgment for a sum of money, or the disposition of a sum of money, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of the sum.

Pursuant to *R.* 4:57–5, withdrawal of those funds once deposited shall be made only upon order of the court and upon notice to all parties including the depositor. In accordance with the aforementioned court rules, once deposited, the control of the funds left the carrier and vested with the court.

Counsel for the receiver argues that it was Transit's intent to retain control over, and an ownership interest in, all of the funds which were deposited. He argues that the tender of the policy limits constituted nothing more than a conditional offer to settle the underlying litigation and that, as a condition precedent to the transfer of the deposit to plaintiff, a release

and stipulation of dismissal were to be exchanged. He further argues that since such release and stipulation of dismissal were not received, the title to the deposited funds never passed to plaintiff and therefore remained a part of the receivership estate. The receiver relies upon *Levin v. Goodman,* 107 *N.J.Eq.* 473 (E. & A. 1931) in support of his argument. I believe such reliance is misplaced and that the *Levin* case is clearly distinguishable. In *Levin,* the tender was made and the money deposited with the court for the specific purpose of procuring a release of a lien on mortgaged premises. As a result of a sheriff's sale under the foreclosure of the first mortgage, the lien in question was completely wiped out. The depositor then made application to the court for withdrawal of the money deposited as a tender for the release. The court allowed the depositor to withdraw the funds deposited as the lien on the premises no longer existed, thus, it was impossible for the depositor to obtain that which he had demanded in return for the money tendered.

The facts of the present litigation differ from those before the court in *Levin.* While I do not agree that the deposit of the funds was conditional, accepting *arguendo* the receiver's position, he is receiving that which was expected in return for the policy limits deposited with the court. The litigation is ended and the general release and stipulation of dismissal delivered. All conditions which the receiver suggests be fulfilled before the funds be transferred from the Superior Court to plaintiff have been met.

Transit relinquished control over the deposited funds when it placed them with the Superior Court pursuant to *R.* 4:57-1. It was at that time that the funds were placed beyond its reach. Control of the funds left Transit on September 7, 1984. The transfer of the deposited funds from the account of the Superior Court to plaintiff and the exchange of closing documents are terms which can clearly be met by application under *R.* 4:57-5. For all of the aforementioned reasons, it is the order of this court that plaintiff's motion to withdraw the $100,000 deposited

42

into court by Transit be granted and that the cross-motion by the receiver to withdraw the funds be denied.