CAROL KOSTICK, PLAINTIFF–RESPONDENT, v. WESLEY K. JANKE, JR., J.C. & ASSOCIATES AND JOHN P. KOSTICK, DEFENDANTS–RESPONDENTS.

NEW JERSEY PROPERTY–LIABILITY INSURANCE GUARANTEE ASSOCIATION, INTERVENOR–RESPONDENT, v. LEWIS R. CRIST, RECEIVER FOR TRANSIT CASUALTY COMPANY, INTERVENOR–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 16, 1988—Decided March 4, 1988.

Before Judges PETRELLA, DREIER and BAIME.

*James M. Burns* argued the cause for intervenor-appellant (*DeMaria, Ellis & Hunt,* attorneys; *James M. Burns,* of counsel and on the brief).

*Bennett J. Wasserman* argued the cause for plaintiff-respondent (*Bennett J. Wasserman,* on the brief).

*Linda M. DeBrango* argued the cause for defendants-respondents, J.C. Associates and John P. Kostick (*Muscarella, Hirschklau, Bochet, Feitlin, Trawinski & Edwards,* attorneys; *William C. Bochet,* of counsel, and *Linda M. DeBrango,* on the brief).

*Darryl W. Simpkins* argued the cause for intervenor-respondent (*Stryker, Tams & Dill,* attorneys; *Richard R. Spencer, Jr.,* of counsel; *Deborah J. Gannett* and *Darryl W. Simpkins,* on the brief).

PER CURIAM.

Intervenor, Lewis R. Crist, receiver for Transit Casualty Company (Transit) appeals from an order of the Law Division authorizing plaintiff to withdraw $100,000 which Transit had deposited with the court pursuant to *R.*4:57–1. The facts have been clearly stated by the Hon. Peter Ciolino, A.J.S.C. in his published opinion, 221 *N.J.Super.* 37 (Law Div.1987); we need only briefly restate them as a preface to our supplement to the trial judge's comprehensive opinion.

Transit was the primary insurer of the van operated by plaintiff's husband, John Kostick, and owned by his employer, J.C. & Associates, when it skidded on wet pavement and struck defendant's truck. Defendant Janke deposited his policy of $15,000, and on September 7, 1984 Transit deposited the proceeds of its $100,000 policy with the court on behalf of plaintiff's husband and his employer. Since defendant Kostick also was insured by a $1,100,000 excess liability policy and since there was a question of coverage on the excess insurance, plaintiff determined not then to satisfy the sole condition of her right to withdraw the funds by delivering releases to the defendants. Defendant Kostick had instituted a declaratory judgment action to determine the coverage issue. It was clear, however, at the time of the deposit that considering the grievous personal injuries suffered by plaintiff and that defendant Kostick's liability was not in issue, plaintiff was entitled to at least the $100,000 from defendant Kostick.[1]

---

[1]Defendant Kostick's liability was tacitly admitted in his brief and expressly admitted at oral argument before us. In his deposition he revealed that he knew that the tires on the van he was driving "were worn down pretty good and that I needed tires, but I never changed them." He further admitted that

On March 17, 1987 the Appellate Division affirmed the dismissal of the declaratory judgment action brought by defendant Kostick on the grounds that the van was not a covered vehicle under the excess insurance policy. Plaintiff thereafter immediately forwarded to defendants general releases and stipulations of dismissal and on March 31, 1987 moved to withdraw both deposits from the court.

On December 3, 1985, fifteen months after Transit had deposited the $100,000 with the court, the insurer was declared insolvent and a receiver was appointed by order of the Circuit Court of Cole County, Missouri. On May 8, 1987, prior to any order being entered on plaintiff's application to withdraw the deposits, the receiver for Transit moved to intervene to assert a claim to the funds deposited by Transit. The New Jersey Property–Liability Insurance Guaranty Association moved to intervene to protect plaintiff's interests in these funds. The receiver then filed a cross-motion to withdraw the funds. The motions were determined by Judge Ciolino in the published opinion noted earlier. He denied the intervenor's motion and granted plaintiff's.

We affirm Judge Ciolino's decisions substantially for the reasons stated in his reported opinion. We wish only to expand briefly upon two matters. First, we reiterate a point made by Judge Ciolino that the deposit was made in this case without expectation that the funds would be returned. 221 *N.J.Super.*

he was drinking a soda at the time that codefendant Janke's truck spun out of control into the lane in front of his vehicle. While an assessment of the respective negligence of the two drivers might well have resulted in an apportionment of liability between them, plaintiff's injuries were, are and will be so significant that any substantial percentage assessed against defendant Kostick would have consumed the $100,000 policy. Plaintiff has been confined to a wheelchair since the accident and has undergone 11 separate surgical procedures, several of which were efforts to save her right leg from amputation. She has remained in unremitting pain, and additional surgery is contemplated.

at 41. While there was a condition precedent to the withdrawal of the funds, namely the giving of a release and a stipulated dismissal of the action, the only question was when this event would occur, not whether it would occur.[2]

Lastly, we add that *N.J.S.A.* 17:30C–1g, a portion of New Jersey's version of the Uniform Insurers Liquidation Act, also in effect in Missouri, includes in the definition of "general assets" with which a receiver of an insolvent insurer is vested, property "not specifically ... deposited or otherwise encumbered for the ... benefit of specified persons...." Since the funds had been deposited with the Superior Court for plaintiff's benefit pursuant to *R.*4:57–1, the receiver was never vested with any right to this property which could have been vindicated by his application to the trial judge.

Affirmed.

---

[2]At oral argument counsel for the receiver suggested that there might have been a later procedural dismissal of plaintiff's claim, or if defendant Kostick had been successful in his declaratory judgment action, the matter may have continued with additional monetary demands on Transit if the excess insurer had not also deposited its policy. These are irrelevant considerations. If plaintiff's claim had been dismissed for a procedural irregularity and the dismissal for some reason could not have been vacated, plaintiff could have made an application for withdrawal of the funds and given her release at that time; the conditions of deposit were clear that the money was to belong to plaintiff and not be returned to the carrier, awaiting only disposition of a collateral claim. If the case continued, and the excess carrier had not taken over the defense, the deposit still would not have been affected, since the duty to provide a defense under Transit's policy was independent from its duty to pay the principal amount to plaintiff. If, however, the deposit had been made with an express condition related to liability, a different result might have been reached.