AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY

v.

**Paul and Carla LINDGREN.**

**Civ. No. 1:90–cv–826–ODE.**

United States District Court, N.D. Georgia, Atlanta Division.

May 11, 1990.

**276**

Sari Bayla Marmur and Carol Suzette Ellis, McKenzie & McPhail, Atlanta, Ga., for plaintiff.

Robert B. Remar and Susan Marie Garrett, Remar & Graettinger, Atlanta, Ga., for defendants.

## ORDER

ORINDA D. EVANS, District Judge.

This insurance action is before the court on Plaintiff's motion to deposit funds into the registry of the court.

This case arises from the freezing of Defendants' water pipes while they were away from home on vacation. Plaintiff seeks to have Defendants' insurance policy declared void ab initio due to alleged misrepresentations contained in Defendants' insurance application.

Recognizing that Georgia law bars an insurer from retaining insurance premiums and at the same time seeking to void the policy on which the premiums were paid, Plaintiff seeks to pay the premiums into the registry of the court. Defendants oppose the motion, asserting that Georgia law entitles them to the money prior to suit, and that Plaintiff should not be allowed to use Fed.R.Civ.P. 67 to avoid its duties under Georgia law.

"Cases construing Rule 67 are not numerous." *Dinkins v. General Aniline & Film Corporation,* 214 F.Supp. 281, 282 (1963). There is no authority in this circuit that touches on the instant question. Two district court cases from outside this circuit, however, indicate that the rule is not to be used to allow a party to avoid legal obligations, at least not without a showing of likelihood of success. *See Saw Mill Broadcasters, Inc. v. Moore,* 561 F.Supp. 1139, 1141 (1983); *Dinkins,* 214 F.Supp. at

283. The courts in *Saw Mill* and *Dinkins,* however, were concerned that deposit of funds into the registry would deprive a deserving party of payments then due. That concern distinguishes those cases from this one.

The focus of Georgia's rule that an insurance company may not keep premiums while denying a policy is that it is inconsistent to claim entitlement to the policy's premiums and at the same time claim that the policy is not in existence. *Loeb v. Nationwide Mutual Fire Insurance Co.,* 162 Ga. App. 561, 563, 292 S.E.2d 409 (1982). It is not, however, inconsistent for the insurance company to claim that the policy is not in existence and, recognizing that its position is disputed, place the premiums in the registry of the court pending resolution of the parties' rights. While the courts in *Saw Mill* and *Dinkins* were concerned that this would deprive the other party of the use of the funds, Rule 67 has since been amended to make it clear that funds deposited under the rule are to be deposited in interest bearing accounts or instruments. Except in extreme cases of need, the interest should compensate for the loss of use of the money[1]. The court thus finds no inconsistency between the requirements of Rule 67 and the rule in Georgia that an insurance company may not simultaneously deny a policy and keep premiums. Plaintiff's motion is therefore granted.

Accordingly, Plaintiff's motion to deposit funds into the registry of the court is GRANTED.

SO ORDERED.

---

1. Rule 67 requires "leave of court" before a party may deposit funds. As such, the rule appeals to the court's discretion. The court is of the opinion that in extreme cases of need the rationale of *Saw Mill* and *Dinkins* applies, and the money should not be permitted to be deposited into the registry of the court.

This, however, is not such a case. Plaintiff has already paid Defendants $51,500 on their claim. As such, if Plaintiff is permitted to de-

posit the premiums into the registry of the court and Plaintiff's position proves correct, Defendants have been overpaid by $50,972.74 ($51,500 less the $527.26 premium refund that would be due). If Plaintiff is permitted to deposit the premiums into the registry of the court and Plaintiff's position proves incorrect, Defendants have received exactly what they are due, and the funds in the registry will be returned to Plaintiff.